IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FILED**
FEB 01 2005
ARLEN B. COYLE, CLERK
BY _____ Deputy

LAURA LANGLEY, through her parents and next
friends, Charles Langley and Kathy Langley, and
CHARLES LANGLEY AND KATHY LANGLEY,
Individually,

                              Plaintiffs

VERSUS                         CIVIL ACTION NO: 1:05CV40-M-D

MONROE COUNTY SCHOOL DISTRICT,         Defendant

JURY TRIAL DEMANDED

---

## COMPLAINT

---

This is an action to recover damages for violation of Plaintiffs' due process rights as protected by the Fourteenth Amendment to the United States Constitution. Supplemental state law claims are also made. The following facts support the action:

I.

Plaintiff, LAURA LANGLEY, is a minor resident citizen of 60096 Cowden Road, Amory, Mississippi 38821. She sues through her parents and next friends, Charles Langley and Kathy Langley.

Plaintiffs, CHARLES LANGLEY and KATHY LANGLEY, are adult resident citizens of Monroe County, Mississippi, who reside at 60096 Cowden Road, Amory, Mississippi 38821.

4.234

II.

Defendant, MONROE COUNTY SCHOOL DISTRICT, is a political subdivision of the State of Mississippi, which may be served with service of process through its Superintendent, Jimmy Dahlem, at Highway 25 North, Amory, Mississippi 38821.

III.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Fourteenth Amendment to the United States Constitution.

IV.

As of September 2004, the minor Plaintiff, Laura Langley, was enrolled as a senior at the Smithville High School in the Monroe County School District. Langley was an A and B student, expected to graduate as an honor student and was very much involved in extracurricular activities. She was the pitcher for the softball team, a team that had aspirations of going to the state championship, and was also head cheerleader. Ms. Langley was beginning a voter registration program, "Freedom's Answer," for high school seniors, which was a nationwide program which Ms. Langley expected to give her much aid in becoming an outstanding citizen. This type of extracurricular activity and her anticipated graduation from the Smithville High School were of crucial importance.

V.

On or about September 14, 2004, the battery was dead on Laura Langley's car, and her

mother, Plaintiff, Kathy Langley, instructed Ms. Langley to take her (Kathy Langley's) car to school. Laura Langley did not notice that in the car was an open can of beer.

VI.

After Laura Langley arrived at school and parked her mother's car, an employee of the Defendant School District searched the car and found the open can of beer.

VII.

While Laura Langley had no knowledge there was an open can of beer in the car, the beer did not qualify as an alcoholic beverage within Mississippi law because its alcoholic content was not sufficient to be classified as an alcoholic beverage.

VIII.

Nevertheless, the school superintendent suspended Laura Langley from one day of school and then, the following day, sentenced Ms. Langley to the alternative school effective immediately. Plaintiffs requested a hearing before the Defendant School District board and also requested a stay of the Superintendent's decision pending the appeal hearing. The stay was denied and Laura Langley was sent to the alternative school.

IX.

Prior to the school board hearing, a hearing was held for Laura Langley in Youth Court where the uncontradicted evidence was that Ms. Langley had no knowledge of any beer being in the car, and the Youth Court adjudicated that she had no knowledge that the beer was in the car, had not done anything wrong and found the charges against her to be unjustified. A copy

4.234

of this order of adjudication of the Youth Court is attached hereto as Exhibit "A."

X.

Initially, the Youth Court Judge announced that he, himself, would order her returned to school, but was subsequently persuaded that he had no jurisdiction to do so.

XI.

The Youth Court Judge concluded: "That without knowledge that the beer can was in the car, Laura Langley cannot have possession of the beer as a matter of law." *Id.* at p. 3.

XII.

The hearing before the school board was then held on or about September 28, 2004. As was true in Youth Court, the evidence was uncontradicted that Laura Langley knew nothing about the beer can in the car. Also, the school board failed to produce any standards of criteria for determining what conduct would justify a sentence to the alternative school. Without evidence of any intentional wrongdoing, the school board upheld the sentence to the alternative school.

XIII.

The school board then declined to allow a stay of its decision pending an appeal.

XIV.

Because the stay of the Superintendent's sentence of Ms. Langley to the alternative school was denied, Laura Langley attended the alternative school, as sentenced, while awaiting the appeal hearing before the Defendant School board. She attended the alternative school

from September 20, 2004 through September 24, 2004. At the alternative school, Laura Langley was given no meaningful education or no instruction.

XV.

Since the alternative school was not providing any education, Laura Langley had no choice but to leave the alternative school and take her G.E.D. so as to receive her high school equivalency degree.

XVI.

Laura Langley has been denied a high school diploma from Smithville High School and has been denied the right to participate in important extracurricular activities because of the violation of constitutional rights by the Defendant Monroe County School District. The Defendant has violated Ms. Langley's constitutional rights in the following respects:

    A.    In violation of the due process clause of United States Constitution Amendment Fourteen, Laura Langley did not receive a fair and impartial due process hearing. One of the school board members informed Plaintiff Charles Langley that it would take whatever action its attorney, Henry Applewhite, advised it to take. Henry Applewhite was the advocate against Laura Langley and was also the school board's attorney. Having the school board take whatever action was advised by its attorney violates the right to a fair hearing, in violation of the due process clause. It violates due process to have one's rights adjudicated by a school board which is represented by the opposing attorney. The right to a fair and impartial hearing is offended by the practice of having the school board's own attorney also act as an advocate before the board. The action against Ms. Langley was taken because the Defendant's attorney recommended it, and the Defendant's attorney recommended it because this is what the superintendent wanted done. Such a procedure, whereby the school board is not a fair and impartial adjudicator but is simply following the advice of its own attorney (also the prosecutor) violates the due process clause of United States Constitution Amendment Fourteen.

4.234

B. There was no evidence that Laura Langley had knowingly done anything wrong. Sentencing her to the alternative school which, in effect, deprived her of an education when she had not knowingly done anything wrong, violates the due process clause of United States Constitution Amendment Fourteen since the due process clause requires that there be evidence to support a decision. Punishing a student for possession of alcohol without evidence of their knowledge of said alcohol is not rationally related to any legislative state interest and, therefore, violates the due process clause of the Fourteenth Amendment.

C. The Defendant acted arbitrary and capriciously in violation of the Fourteenth Amendment by refusing to allow its decision to be stayed on appeal so that Laura Langley could obtain an impartial adjudication at a meaningful time.

D. The Defendant violated Mississippi law and also acted arbitrarily and capriciously by sending Laura Langley to the alternative school for possession of an alcoholic beverage when the evidence was uncontradicted that the beer can in the car did not contain enough alcohol to constitute an alcoholic beverage within the meaning of Mississippi law and is not by definition of Mississippi law an "alcoholic beverage" as referenced in the Monroe County School Board Policy - Code of Conduct.

E. The Defendant acted arbitrarily and capriciously, in violation of the Fourteenth Amendment, and also violated Mississippi law because the school board presented no evidence that Laura Langley had committed any acts for which she could be sent to the alternative school.

F. The Defendant failed to follow those specific statutory procedures set out by Mississippi law which must be followed in order to ensure that a person has committed an offense for which the alternative school is an appropriate punishment. The school district arbitrarily and capriciously refused to follow the statutory procedures required to place a person in the alternative school.

G. The Defendant arbitrarily and in denial of the Fourteenth Amendment by refusing to consider the individual circumstances of the case or the mitigating factors such as Laura Langley's exemplary record as a student,

her record of participation and involvement in extracurricular activities and her need for a high school diploma which would affect her future.

    H.    The Defendant refused to provide Laura Langley a public education as required by Mississippi law.

    I.    The Defendant acted arbitrarily and capriciously in violation of the Fourteenth Amendment in failing to ensure that an education was provided to Laura Langley at the alternative school.

    J.    Laura Langley's being sentenced to the alternative school under the circumstances of this case was irrational and arbitrary in violation of the Fourteenth Amendment.

    K.    The Defendant School board and Superintendent violated the Fourteenth Amendment and offended Mississippi law by using unfair procedures in administering discipline and failure to adopt a policy setting for the specific circumstances in determining whether or not a school board policy violation had occurred and specific punishment which was warranted for the violation under which a student could be sentenced to the alternative school.

    L.    The School District arbitrarily failed to adopt alternative school policy, as required by Miss. Code Ann. § 37-13-92. The Defendant failed to follow Mississippi statutory placement procedures in transferring Laura Langley to the alternative education program.

## XVII.

Laura Langley, Charles Langley and Kathy Langley have suffered mental anxiety and stress as a result of this action by the Defendant. Because of the Defendant's arbitrary acts, Laura Langley was provided no education in the alternative school which effectively cost her a high school degree, participation in extracurricular activities and a lifetime of memories which were of crucial importance. Laura Langley has suffered damages, shame and defamation of

character as a result of the Defendant's violations of her constitutional rights.

## PRAYER

Plaintiff prays for damages in an amount to be determined by a jury and reasonable attorneys' fees.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MSB # 6857


WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662/842-7324
FACSIMILE: 662/842-8056

Attorneys for Plaintiffs

IN THE YOUTH COURT DIVISION OF THE CHANCERY COURT
OF MONROE COUNTY, MISSISSIPPI

IN THE INTEREST OF LAURA LANGLEY, a minor

No. 04-76

### ORDER OF ADJUDICATION

This case came on to be heard for the adjudicatory phase of the Petition filed in this cause wherein it was alleged that the minor, Laura Langley, had committed the act of possession of alcoholic beverage. The hearing was held at the Monroe County Government Complex, at Amory, Mississippi, at 3:00 o'clock P.M. on Friday, September 17, 2004. Present at said hearing were Laura Langley, her attorney, Thomas M. Brahan, the minor's parents, Mr. and Mrs. Charles Langley, Sam Wilson, Principal of Smithville High School and Chad O'Brien, Vice Principal of Smithville High School. Proper waivers of notice were received from the minor and her parents. The Court heard sworn testimony from the minor, her mother, Kathy Langley, Sam Wilson and Chad O'Brien.

Based upon the evidence presented and upon a review of the Court file, the Court is of the opinion and finds as follows:

1. That the Court has full and complete jurisdiction of the parties and the subject matter.

2. That on or about September 14, 2004, Laura Langley took her mother's Mustang automobile to school at Smithville High School because the minor's car would not start.

3. That Laura Langley forgot to transfer her parking pass from her own car to her mother's car prior to driving it to school.


EXHIBIT A

4. That Chad O'Brien, while conducting a routine parking lot inspection, noticed that there was no parking pass hanging from the rear view mirror of the Mustang. He then looked in the car to see if the pass was on the dash or had fallen on the floor of the car. While looking for the pass he observed what appeared to be, and what actually was, a partially full Miller Lite beer can in the console cup holder of the Mustang. This can was introduced into evidence.

5. That Chad O'Brien got Mr. Wilson and Laura, and she was confronted about the beer can. She denied any knowledge that the beer can had been in the Mustang.

6. Kathy Langley was contacted by telephone to advise her of the situation. She immediately advised Mr. Wilson that the beer was hers and that she had left it in her car over the weekend.

7. Mr. Wilson stated under oath that he had no reason to doubt the minor or her mother. Neither he nor Mr. O'Brien presented any evidence to the contrary.

8. Kathy Langley stated under oath that the beer was hers and that her lipstick was on the can. The Court observed that the lipstick did appear to match the lipstick worn by Mrs. Langley, not the minor.

9. Laura Langley stated under oath that she did not look for nor did she see a beer can in the Mustang prior to having it shown to her by school officials. All witnesses agreed that the can was not in a location where it would be seen if the driver were looking out the windshield as a normal driver would.

10. That while there is no question that the beer can was, in fact, in the automobile driven on school property by Laura Langley, there is also no question that Laura Langley had no knowledge that the can was in the car.

11. That without knowledge that the beer can was in the car, Laura Langley cannot have possessed the beer as a matter of law.

Therefore, it is the finding and order of this Court that Laura Langley did not commit the act of possessing beer, and she is hereby adjudicated not delinquent.

So ORDERED this the 24th day of September, 2004.

_____
YOUTH COURT JUDGE

FILED
SEP 24 2004
RONNIE BOOZER, CHANCERY CLERK
YOUTH COURT COUNSELOR