IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **LAURA LANGLEY, through her parents and next friends, Charles Langley and Kathy Langley, and CHARLES LANGLEY AND KATHY LANGLEY, Individually** | **PLAINTIFFS** |
| **V.** | **CASE NO. 1:05CV40** |
| **MONROE COUNTY SCHOOL DISTRICT** | **DEFENDANT** |

## ORDER

This cause comes before the court on the plaintiff's motion [56] for a judgment notwithstanding the verdict or for a new trial. The court has reviewed the briefs and submissions and is prepared to rule.

On February 14, 2007, a jury found in favor of the defendant and against the plaintiff in a suit for a violation of substantive due process rights. The plaintiff challenges this verdict on multiple grounds. First, the plaintiff asserts that there was no evidence to support the decision that Laura Langley possessed beer on school grounds. Second, the plaintiff asserts that her motion for a partial directed verdict should have been sustained. Third, the plaintiff asserts that the verdict was against the overwhelming weight of the evidence.

## ANALYSIS

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R.

Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. On appeal an appellate court is bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. *Id*. Even though the court might have reached a different conclusion if it had been the trier of fact, it is not free to reweigh the evidence or to re-evaluate credibility of witnesses. *Id*. The court must not substitute for the jury's reasonable factual inferences other inferences that it may regard as more reasonable. *Id*.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id*. The judge must be convinced that the verdict is against the great weight of the evidence. *Id*.

Even though the plaintiff has attempted to frame the issue at trial as whether or not Laura Langley possessed beer, the issue presented at trial was whether the actions of the Monroe County School District violated Laura Langley's substantive due process rights. While all parties acknowledged that a can of beer was found in the car Laura Langley was driving, the

parties disputed whether its presence constituted possession. Substantive due process violations occur when a law or governmental act is not reasonably related to its end. *Brennan v. Stewart*, 84 F.2d 1248, 1256 (5th Cir. 1988). Although the issue of the school's policy defining possession was fiercely contested, evidence was presented that could cause a reasonable jury to determine that the Monroe County School District did not act in a way that unreasonably or arbitrarily violated Laura's rights. In particular, the Monroe County School District focused on its interest in having drug free schools and in uniform application of its policy; therefore, a sufficient evidentiary basis exists for the jury's verdict.

The plaintiff also contends that her motion for a partial directed verdict should have been sustained. The plaintiff contends that she was deprived of her property right in education when she was sent to alternative school because there was undisputed evidence that she was receiving no instruction at the school. Nonetheless, the record contains conflicting testimony from which a jury could decide that Laura Langley was not deprived of a public school education. Alternative school teacher Linda Moore stated that Laura did receive assignments while at the alternative school, and that assistance would have been provided to Laura had it been necessary. A motion for a directed verdict is proper only when there is a complete absence of any evidence to warrant submission to the jury. *Cities Service Oil Co. v. Launey*, 403 F.2d 537, 539 (5th Cir. 1968). Granting a motion for a partial directed verdict would have been imprudent in light of the conflicting evidence presented.

Finally, the plaintiff asserts that the verdict was against the great weight of the evidence and that a new trial should be ordered. In particular, the plaintiff notes that there was no evidence put on that she had actual knowledge of the beer in her car and that jury instruction No.

2 instructed that in order for Laura Langley to have possessed the beer, it had to be shown that Laura "knowingly had direct, immediate, and exclusive physical control" of the beer or that she "knowingly had both the power and intention, at a given time, to exercise control or dominion" over the beer.

The school's zero tolerance policy did not contain a knowledge requirement. It remained a jury question whether the Monroe County School District's policy as stated constituted a violation of Laura Langley's due process rights. While another jury could have quite possibly come to another conclusion, the jury's verdict was not against the overwhelming weight of the evidence.

Accordingly the plaintiff's motion [56] for a judgment notwithstanding the verdict, or in the alternative, for a new trial, is DENIED.

This the 3rd day of April, 2007.

                                          /s/ Michael P. Mills
                                          **UNITED STATES DISTRICT JUDGE**