United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2008

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Charles R. Fulbruge III
Clerk

**FILED**
FEB 26 2008
DAVID CREWS, CLERK
By: _____
Deputy

No. 07-60326
Summary Calendar

D.C. Docket No. 1:05-CV-40

LAURA LANGLEY, Through her parents and next friends, Charles Langley and Kathy Langley; CHARLES LANGLEY, Individually; KATHY LANGLEY, Individually

       Plaintiffs - Appellants

   v.

MONROE COUNTY SCHOOL DISTRICT

       Defendant - Appellee

Appeal from the United States District Court for the
Northern District of Mississippi, Aberdeen.

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is vacated in favor of the Monroe County School District, and the cause is remanded to the District Court with instructions to dismiss it.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defedant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: FEB 25 2008

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
Deputy   FEB 25 2008

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-60326
Summary Calendar

LAURA LANGLEY, through her parents
and next friends, Charles Langley and Kathy
Langley; CHARLES LANGLEY, Individually;
KATHY LANGLEY, Individually,

                Plaintiffs-Appellants,

v.

MONROE COUNTY SCHOOL DISTRICT,

                Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
Eastern Division
1:05-CV-40

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Laura Langley and her parents, Kathy and Charles Langley, appeal the district court's denial of their motions for judgment as a matter of law and a new trial. Because Laura's temporary transfer to an alternative school implicated no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionally-protected property interest, we vacate the judgment of the district court and remand with instructions to dismiss this action.

I.

The facts underlying this appeal are as straightforward as they are unfortunate. On a Sunday afternoon in September 2004, Charles and Kathy Langley drove their Ford Mustang to a cookout at a friend's home. Kathy drank part of a beer and left it in the car. Laura, an honor roll student who held leadership positions in several organizations at Smithville High School, drove the Mustang to school the following Tuesday because her own car would not start. She did not see the partially-full beer can in the console cupholder.

Later that day, an assistant principal noticed the Mustang did not have a parking decal. In the course of inspecting the car to determine its owner, he discovered the beer and called principal Sam Wilson. After interviewing Laura and consulting Superintendent Jimmy Dahlem, Wilson informed Laura that she would have to spend thirty days at an alternative school. Laura appealed the decision to the Monroe County School Board but attended the alternative school for five days while waiting for an evidentiary hearing.

After the hearing, the school board upheld the punishment, despite uncontroverted evidence that Laura had no knowledge of the beer when she drove the Mustang to school—under the school district's "zero tolerance" policy, her knowledge was wholly irrelevant.[1] Rather than return to the alternative school, Laura withdrew from Smithville High School and obtained her GED. The Langleys subsequently filed suit in the United States District Court for the Northern District of Mississippi, alleging that Laura's assignment to alternative school violated state law and deprived her of a constitutionally-protected

---

[1] During the hearing, the assistant principal who discovered the beer stated that he believed Laura was unaware it was in the car and explained that her knowledge "was not the issue." The school district's counsel made the same concession during the trial before the district court: "[N]obody's ever said she knew the alcohol was there."

2

property interest in violation of 42 U.S.C. § 1983. The district court disposed of the state law claims on summary judgment, and the substantive due process claim was tried to a jury, which rendered a verdict in favor of the school district. The district court denied the Langleys' motions for judgment as a matter of law and a new trial, and this appeal followed.

II.

However misguided the school district's actions may have been, the Langleys' appeal must fail.[2] As the Supreme Court observed more than three decades ago, "[t]he system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and [section] 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees." *Wood v. Strickland*, 420 U.S. 308, 326 (1975). Consistent with this admonition, we have previously held that a student's transfer to an alternative school for disciplinary reasons implicates no constitutionally-protected property interest. *See Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26-27 (5th Cir. 1997). This precedent forecloses the Langleys' argument to the contrary and compels our holding that Laura's assignment to alternative school implicated no constitutionally-protected property interest.[3]

---

[2] In recent years, some courts and commentators have observed that school districts' "zero tolerance" policies have substituted consistency for rationality. *See generally* Christopher D. Pelliccioni, Note, *Is Intent Required? Zero Tolerance, Scienter, and the Substantive Due Process Rights of Students*, 53 CASE W. RES. L. REV. 977 (2003); *see also Seal v. Morgan*, 229 F.3d 567, 581 (6th Cir. 2000) (noting the irrationality of punishing a student for "truly unknowing or unconscious possession of a forbidden object").

[3] Conflicting evidence was presented at trial regarding Laura's educational experience at the alternative school, but it is undisputed that she received some assignments, and that a teacher was available to provide any instruction she required. We therefore need not address the Langleys' argument than an alternative education program amounting to a complete exclusion from the educational process implicates a constitutionally-protected property interest. *Cf. Riggan v. Midland Indep. Sch. Dist.*, 86 F. Supp. 2d 647, 655 (W.D. Tex. 2000) (holding that "[w]hen assignment to an alternate education program effectively acts as

3

III.

For the foregoing reasons, we VACATE the district court's judgment in favor of the Monroe County School District and REMAND this action with instructions to the district court to dismiss it.

VACATED and REMANDED with instructions to DISMISS.

---

an exclusion from the educational process, due process rights may be implicated").

4